O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

JS - 6

Case No.    ED CV 08-01744-SGL(OPx)                              Date:  January 8, 2009

Title:    HECTOR ZACARIAS-MELLA, ET AL. -v- NDEX WEST, LLC., ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  | |
|---|---|
| Jim Holmes | None Present |
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                         None present

PROCEEDINGS:   ORDER SUMMARILY DISMISSING RICO CLAIM; ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS; ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE; ORDER GRANTING DEFENDANTS' MOTION TO
EXPUNGE LIS PENDENS; ORDER VACATING HEARING DATE

     On December 8, 2008, defendants filed a motion to dismiss all the claims in the complaint, and a motion to strike the request for treble damages in the complaint. The caption on defendants' motions showed that the hearing on them was noticed for March 9, 2009.  Thereafter defendants filed on December 12, 2008, a motion to expunge lis pendens, which was noticed for a hearing on March 16, 2009.  The Court thereafter re-scheduled the hearing on all three motions to January 26, 2009.  In the order re-scheduling the matter to the present hearing date, plaintiff was specifically apprised that he had until January 5, 2009, to file an opposition to the motion to dismiss. Contemporaneously, on December 12, 2008, the Court issued an Order requiring plaintiff to file a RICO case statement within fourteen days of the Order or the Court would deem the lack to do so as plaintiff's voluntary dismissal of his RICO claim.  Plaintiff has not filed a RICO case statement within the allotted time and therefore is deemed to have voluntarily dismissed that claim.

     This district's Local Rules provide that "[e]ach opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances." <u>See</u> Local Rule 7-9. Accordingly, plaintiff had until January 5, 2009, to file an opposition to defendant's motion to dismiss.  The time for plaintiff to file his opposition has come and gone without him doing

so.

     Plaintiff's failure to file an opposition to defendant's motion to dismiss, motion to strike, or motion to expunge is deemed by this Court as plaintiff's consent to the granting of the same.  <u>See</u> Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"); <u>see</u> <u>also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court did not err in summarily granting defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to motion but failed to do so).

     Accordingly, defendants' motion to dismiss is **GRANTED** and all the claims in the complaint are hereby **DISMISSED**.  Moreover, defendants' motion to strike and motion to expunge is similarly **GRANTED**.

     The previously noticed January 26, 2009, hearing on all three motions is hereby **VACATED**.

     IT IS SO ORDERED.

ED CV 08-01744-SGL(OPx)
HECTOR ZACARIAS-MELLA, ET AL. v NDEX WEST, LLC., ET AL.
MINUTE ORDER of January 8, 2009